Strafford, }
July 2, 1906. }

## MURCHIE & a., *Assignees,* v. WENTWORTH & a.

If the seizure of property upon execution and the proceedings leading to a sale thereof are valid as against the debtor, his subsequent assignee in insolvency cannot avoid the levy on the ground that the officer did not retain exclusive possession of the goods.

BILL IN EQUITY, to restrain the levy of executions. Trial by the court. Transferred from the February term, 1905, of the superior court by *Peaslee,* J.

In June, 1903, creditors of the Place Lumber Company, defendants in this suit, attached its stock of lumber and other personal property. In December, 1903, executions issued in those actions, and the officer took exclusive possession of the property thereon. It is claimed by the plaintiffs that he did not retain the exclusive possession because he appointed an employee of the company as keeper and allowed sales of the property to be made. January 24, 1904, the corporation made a common-law assignment to the plaintiffs for the benefit of its creditors, and on January 28 the officer posted notices of a sale of the property on the executions, to take place February 2. The debtor, the attaching creditors, and the officer understood that there had been no abandonment of the execution lien. The court ordered the bill dismissed, and the plaintiffs excepted.

*Jewett & Plummer* and *Guy Murchie* (of Massachusetts), for the plaintiffs.

*Arthur G. Whittemore,* for the defendants.

WALKER, J. It is conceded that as against the assignor, the debtor, the seizure of the property upon the executions and the subsequent proceedings leading to a sale of it, before the assignment was made, were valid. The officer took exclusive possession of the property, and both he and the debtor understood at the time of the assignment that there had been no abandonment of the levy. If the property had been sold under the levy thus begun, the debtor's interest therein would have been legally disposed of. It would have been bound by the execution lien. The fact that it made a common-law assignment to the plaintiffs for the benefit of its creditors, after the seizure and before the time advertised for the sale, did not confer upon the assignees rights in the prop-

erty not possessed by the assignor. If it was bound by the levy,. they were. If it is assumed that the proceedings under the levy were voidable by attaching creditors, because the officer's possession was not sufficiently exclusive, it does not follow that the assignees can avoid the levy for that reason. If they are entitled to an injunction against the levy, it must be because they have a superior title to the property; but it has been determined that the title of a common-law assignee, in the absence of statutory provision, is merely the title of the assignor, and that if the latter had no enforceable right to the property, the former had none. *Adams* v. *Lee,* 64 N. H. 421; *Peterborough Savings Bank* v. *Hartshorn,* 67 N. H. 156, 158; *Ætna Insurance Co.* v. *Thompson,* 68 N. H. 20 ;. *Hurlbutt* v. *Currier,* 68 N. H. 94; *Thompson* v. *Esty,* 69 N. H. 55, 76; Bur. Ass., *s.* 349; 4 Cyc. 218. The plaintiffs are not entitled to the relief sought.

*Exception overruled.*

All concurred.