LEVINE SAULNIER & another *vs.* HENRY J. SAULNIER & another.

Middlesex.   November 6, 1951. — January 7, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Trust*, Resulting trust, Parol trust. *Frauds, Statute of.*

An understanding between a grantee of real estate and his parents that it was to belong to the parents was unenforceable as an express trust because of the statute of frauds, G. L. (Ter. Ed.) c. 203, § 1.

A resulting trust of certain real estate in favor of the parents of one to whom it was conveyed in a purchase did not arise where the purchase price was paid by the proceeds of a note made by the grantee, indorsed by his father and secured by a mortgage of the property, and it did not appear that payments subsequently made by the parents for carrying charges and improvements of the property were made pursuant to any understanding at the time of the purchase.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated June 23, 1950.

The suit was heard by *Good*, J.

*V. R. Brogna*, for the defendants.

*H. Lawlor*, (*R. I. Landau* with him,) for the plaintiffs.

LUMMUS, J.   On August 25, 1950, the plaintiffs, Levine Saulnier and her husband Edmund Saulnier, filed this bill against their son Henry J. Saulnier and his wife Dorothy to compel the defendants to convey to the plaintiffs land and a two family house at 20 Landers Street in Somerville, which had been conveyed by the Independence Realty Corporation to Henry on May 29, 1947.   In the Superior Court a final decree was entered on March 15, 1951, in accordance with the prayer of the bill, and the defendants appealed.   The evidence is reported, and there is a voluntary finding of fact.

At the time the property was purchased Henry was unmarried, but he married in May, 1948.   The price of the property was $7,100, which was paid with the proceeds of a mortgage note for $7,100, secured by mortgage of the property.   The mortgage note was made by Henry, but was indorsed by his father Edmund.   The mortgage was obtained under the veterans readjustment act.   Henry, as a veteran, could obtain such a mortgage, but his parents could not.   Since the purchase the plaintiffs, with many of their children, have lived in one apartment of the house, while the other apartment has been let.   Henry has lived elsewhere.

The judge found that when the property was purchased it was understood that it was to belong to the plaintiffs. That understanding could not create an enforceable express trust in favor of the plaintiffs, for by G. L. (Ter. Ed.) c. 203, § 1, "No trust concerning land, except such as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney."   But implied trusts are expressly saved from the operation of that statute.   *Peabody* v. *Tarbell,* 2 Cush. 226.   *Quinn* v. *Quinn,* 260 Mass. 494, 497.

If an implied trust, not prohibited by the statute of frauds, is shown in this case, it is of the familiar type created by the taking of title in the name of one person while the purchase price is paid by another.   *Druker* v. *Druker,*

308 Mass. 229, 230.   *Collins* v. *Curtin*, 325 Mass. 123, 125. The judge found that the plaintiffs paid to the grantor the purchase price of the property together with the miscellaneous expenses of the transfer.   But a study of the reported evidence shows that that finding lacks support in the evidence.   The purchase price was $7,100, and this was paid with the proceeds of a mortgage note for $7,100 made by the defendant Henry and only indorsed by his father. Henry remains primarily liable, and it does not appear that the father has paid anything.   Nothing was paid by the plaintiffs when the property was bought except a deposit of $50 and $96 as expenses of the transfer.   The judge found that the income from the tenement not occupied by the plaintiffs would not pay the carrying charges of the property, and that the plaintiffs paid them and improved the property.   But it is settled that a resulting trust must arise if at all at the time of the conveyance to the alleged trustee, and that subsequent payments cannot create one, if they are not the contemplated consideration for the conveyance.   *Moat* v. *Moat*, 301 Mass. 469, 472, and cases cited.   *Exchange Realty Co.* v. *Bines*, 302 Mass. 93, 99. *Cohen* v. *Simon*, 304 Mass. 375, 377.   There is no evidence of any agreement that the plaintiffs, rather than the defendant Henry, would pay off the mortgage, as there was in *Davis* v. *Downer*, 210 Mass. 573, *Williams* v. *Commercial Trust Co.* 276 Mass. 508, and *Gerace* v. *Gerace*, 301 Mass. 14, 18.   See Scott, Trusts (1939) § 456.2.   The present case more resembles *Cohen* v. *Simon*, 304 Mass. 375, and *Carroll* v. *Markey*, 321 Mass. 87.

In our opinion the evidence does not warrant the relief that was given.

*Final decree reversed.*
*Bill dismissed with costs.*