BEATRICE ELSIE BARTULA *vs.* WALTER STANLEY BARTULA. July 27, 1978. The former wife of the defendant brought an action subsequent to the parties' divorce to determine her equitable interest in real and personal property held by the defendant. A Probate Court judge made "Findings of Fact and Conclusions of Law" and an "Order for Judgment." The order for judgment directed that the defendant (husband) convey to the plaintiff (wife) an undivided one-half interest in the real estate (a house and garage) and pay to her one half of the amount, plus interest, formerly on deposit in two joint savings accounts and one-half of the proceeds, plus interest, of certain United States Savings Bonds. The defendant's appeal must be dismissed since no final judgment has been docketed; nevertheless we consider by way of dictum the parties' contentions. See *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 227-228 (1977). The evidence is reported. The judge's findings will not be set aside unless clearly erroneous. *Zuckerman* v. *Blakeley*, 3 Mass. App. Ct. 685, 686-687 (1975). See *Sanguinetti* v. *Nantucket Constr. Co.*, *supra* at 228-229. 1. There is ample support for the judge's findings (1) that the "funds in the bank accounts and money used to purchase the government savings bonds . . . were from combining the earnings and savings of both parties" and (2) that the

---

[1] *John Shynk vs. City of Peabody.*

"bank accounts and savings bonds were intended to be and were in fact owned by both and each party was equally interested." See *O'Brien* v. *O'Brien,* 256 Mass. 308, 310-311 (1926). Contrast *Krasner* v. *Krasner,* 362 Mass. 186, 189 (1972). The husband's argument that this case is distinguishable from *Milan* v. *Boucher,* 285 Mass. 590, 593-594 (1934), on the basis of intent is incorrect. The judge correctly applied the principles of that case. 2. The judge correctly ruled that testimony as to the husband's expenses in supporting their daughter following the separation should be excluded because the issue had not been raised in the pleadings. In any event, as this was an action for division of property as of the date of separation, not an action to determine support obligations, that testimony was not germane to the question at issue. This case is distinguishable from *D'Amico* v. *D'Amico,* 1 Mass. App. Ct. 561 (1973), cited by the defendant, which dealt with the sharing of living expenses before the separation. 3. The wife argues that the real estate is subject to a resulting trust in her favor of a one-half interest in the property. The husband responds that neither a mutual mistake nor a resulting trust with regard to the real estate has been proved. To show a resulting trust the wife must show that she paid an aliquot share of the purchase price. *Druker* v. *Druker,* 308 Mass. 229, 230-231 (1941). The consideration for the purchase of the property was a mortgage for $8,000 given to the husband's parents. Only the husband's name was on that original mortgage and note as mortgagor. The judge found that the "purchase money [i.e. the mortgage payments] was jointly contributed, and both the plaintiff and the defendant thought title was in their joint names. That was their intent according to each of the parties . . . [and therefore] they were equally interested" in the real estate. Where there is an agreement at the time of the acquisition of the property that although one person actually executes the mortgage, another or others are undertaking the obligation, and subsequent payments are made in fulfilment of that obligation, the person making such payments is considered to have furnished consideration for the conveyance for the purpose of establishing a resulting trust. *Davis* v. *Downer,* 210 Mass. 573, 575 (1912). See *Murphy* v. *McKenzie,* 1 Mass. App. Ct. 553, 555-556 (1973). See also *Hayward* v. *Cain,* 110 Mass. 273, 277-278 (1872). Contrast *Saulnier* v. *Saulnier,* 328 Mass. 238, 240 (1952). Although the judge did not expressly so find, we find (see *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178 [1943]; *Zucker* v. *Blakeley, supra*) on the evidence before us (1) that the parties intended at the time of the purchase that both own the property and assume the obligation of the mortgage, (2) that both contributed to the mortgage payments, and (3) that they both therefore furnished the consideration for the purchase of the property. Hence, we conclude, as did the judge, that "they bought a parcel of land" and that the parties were "equally interested" in the real estate. See *O'Brien* v. *O'Brien, supra.* Contrast *Druker* v. *Druker, supra* at 231. The husband argues correctly that the plaintiff's signature on a subsequent mortgage for the construction of a house approximately five years after the purchase of the property would not create a resulting trust. See *Saulnier* v. *Saulnier, supra.* However, there was sufficient evidence without that fact to establish a resulting trust. Thus it was not error for the judge to order the husband to convey a one-half interest in the real estate to the wife. 4. There was no prejudicial error in the admission of the defendant's testimony as to a private conversation between himself and his wife concerning the ownership of the real

estate, as the crucial part of his testimony was a statement as to his own knowledge ("I was positive that . . . [the house] was in her name"), which did not fall within the prohibition of G. L. c. 233, § 20. 5. The evidence does not support the finding that the funds in the accounts at the Family Mutual Savings Bank "amount[ed] to over $10,000, when they separated." Accordingly, the judge must ascertain the amount on deposit in those accounts on July 10, 1973, and after he has done so, the order for judgment is to be modified to direct the husband to pay to the wife one-half of that amount, plus one-half of all interest which has accumulated on that amount since July 10, 1973. Judgment should be entered pursuant to the order as so modified.

*Appeal dismissed.*

*Jonathan D. Light* for the defendant.
*Henry Malis* for the plaintiff.