# RESCRIPT OPINIONS.

WILLIAM J. JOHNSON & another *vs.* FRANK A. ZINGARELLI & another. May 13, 1983. *Contract,* Condition precedent, Sale of real estate. *Trust,* Resulting.

The plaintiffs commenced this action to compel the discharge of a mortgage. The defendants counterclaimed for the conveyance of a certain parcel of land (lot C) on the basis of either an oral agreement of sale or a resulting trust. The entire matter was referred by a judge of the Superior Court to a master, who, acting under a nonjury order of reference with evidence to be left unreported, made appropriate subsidiary findings. The judge adopted all the master's subsidiary findings, and drew his own inferences. Based on his ultimate conclusion that "the parties are entitled to be restored to the status quo ante," the judge granted the plaintiff's prayer to compel the discharge of the mortgage and rejected the defendant's counterclaim. The defendants appeal from the enusing judgment and from the subsequent denial of their motion to alter and amend the judgment. On reasoning essentially similar to that of the trial judge, we reach the same result and affirm.

As it has not been shown that the master's subsidiary findings are clearly erroneous, the judge properly could draw upon those findings (see *Jones* v. *Wayland,* 374 Mass 249, 255 [1978]) to conclude that the acquisition by the plaintiffs of lot H (an adjoining, but separate parcel) was a condition precedent to the transfer to the defendants of lot C, the parcel in question. Moreover, that general conclusion has not been challenged by the defendants.

The judge also properly could conclude from the master's findings that the agreement was to be performed "within a reasonable time after its execution." *Marlowe* v. *O'Brien,* 321 Mass. 384, 386 (1947). Whether a reasonable time had expired before the plaintiffs acquired lot H was a question of fact which the trial judge could properly determine. *MacDonald & Payne Mach. Co.* v. *Metallic Arts of New England,* 324 Mass. 353, 357 (1949). We are unable to say on this record that the judge's finding as to reasonableness was clearly erroneous.

The defendants' argument regarding a resulting trust cannot be sustained on the record. "A resulting trust is based on the presumption that 'he who supplies the purchase price intends that the property bought shall

inure to his own benefit and not that of another, and that the conveyance is taken in the name of another for some incidental reason.'" *Dwyer* v. *Dwyer*, 275 Mass. 490, 494 (1931). Apart from the fact that the defendants did not supply the consideration for the purchase of lot C, there is no question that both parties intended the plaintiffs to take the beneficial interest in the entire parcel at the time of the purchase. See *Bartula* v. *Bartula*, 6 Mass. App. Ct. 907, 908 (1978).

As the plaintiffs have not appealed from the judgment, the other aspects of the relief ordered by the judge may not be disturbed.

*Judgment affirmed.*

*John O. Mirick* for the defendants.
*Charles B. Swartwood, III,* for the plaintiffs