NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1442                                          Appeals Court


JOSEPH DeCROTEAU  vs.  MICHAEL DeCROTEAU & others.[1]



No. 15-P-1442.     December 16, 2016.



Practice, Civil, Standing, Preliminary injunction.  Corporation,
     Stockholder.  Lis Pendens.


     The plaintiff, Joseph DeCroteau, brings this interlocutory
appeal from a Superior Court judge's orders denying his motions
for a preliminary injunction and for approval of a memorandum of
lis pendens.[2]  See G. L. c. 231, § 118, second par.  He claims
that he holds an equitable ownership interest in the property at
issue in the parties' dispute, such that the judge should have
allowed both motions.  We affirm.

     1. Background.  The plaintiff is a fifty-one percent
shareholder of DeCroteau Corporation, which owns and operates
the Gaffey Funeral Home located at 43 High Street in Medford
(the property).  The plaintiff is a licensed funeral home
director who runs and manages the funeral home.  The plaintiff's
brothers, Mark and Michael DeCroteau, are minority shareholders
in DeCroteau Corporation.  The property is owned by DBR Realty
LLC (DBR).  DeCroteau Corporation is the tenant of DBR, and Mark

_____

     [1] Mark DeCroteau and DBR Realty LLC.

     [2] The request for approval of a memorandum of lis pendens
was initially filed as an ex parte motion, the denial of which
is properly before this court on interlocutory review.  See
G. L. c. 184, § 15(d).

and Michael[3] are the sole members of DBR.  At all times relevant to this action, the plaintiff had no legal ownership interest in DBR.

At the time of its acquisition of the funeral home in 2009, DeCroteau Corporation entered into a five-year written lease with DBR.  The lease expired in 2014, and DeCroteau Corporation became a tenant at will when it failed to exercise an option to renew contained in the lease.  In 2015, DBR listed the property for sale.  In response, the plaintiff filed a verified complaint in Superior Court against Mark, Michael, and DBR (collectively, the defendants) seeking, inter alia, equitable relief to restrain the defendants from any attempt to sell the property.[4] In addition, the plaintiff filed motions for (1) a preliminary injunction prohibiting the defendants from marketing, transferring, or encumbering the property without prior court authorization, and (2) approval of a memorandum of lis pendens relating to the property.  Following a nonevidentiary hearing, the judge denied both motions.

2.  Discussion.  a.  Preliminary injunction.  The plaintiff sought to enjoin the defendants "from taking any action to market, transfer or encumber" the property, arguing that he has an equitable ownership interest, and that Mark and Michael have breached their fiduciary duty to him in endeavoring to sell the property, thus jeopardizing his livelihood and putting the corporation's existence at risk.  The judge disagreed, ruling that "the plaintiff has not established a s[u]bstantial likelihood of success on the merits of his claim that he has [an] ownership interest in the [property]."  See Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-617 (1980).  We discern no abuse of discretion in the judge's decision.

---

[3] We refer to the individual defendants by their first names to avoid confusion.

[4] The verified complaint alleges eight counts.  Six counts were brought against all defendants:  violation of G. L. c. 93A, §§ 2 and 11; tortious interference with advantageous business relations; constructive trust; resulting trust/equitable title; unjust enrichment; and injunctive relief/equitable estoppel. One count, alleging breach of the covenant of good faith and fair dealing, was brought against DBR only.  Another count, alleging breach of fiduciary duty, was brought against Mark and Michael only.

     As a threshold matter, the plaintiff brings all of his
claims in his individual capacity, alleging that he is the only
shareholder of DeCroteau Corporation who actively manages the
business and effectuates the mortgage payments, and thus he
alone will suffer harm from the marketing or sale of the funeral
home.  Even if true, the plaintiff has not demonstrated that he
has standing to bring most of the claims raised in his verified
complaint.  DeCroteau Corporation, not the plaintiff, is the
tenant of DBR.  DeCroteau Corporation, not the plaintiff, owns
and operates the funeral home business.  Consequently, the
plaintiff's claims, other than the count for breach of fiduciary
duty brought against Mark and Michael, and the claims regarding
the creation of a resulting trust or imposition of a
constructive trust, belong to DeCroteau Corporation, an entity
separate and distinct from the plaintiff.  See Beaupre v. Cliff
Smith & Assocs., 50 Mass. App. Ct. 480, 494 (2000).  The
plaintiff, by contrast, is a mere shareholder in DeCroteau
Corporation and does not have standing to assert claims in
DeCroteau Corporation's place.[5]  See, e.g., Pagounis v.
Pendleton, 52 Mass. App. Ct. 270, 275 (2001) (shareholder in
corporate tenant lacked standing to assert claim for breach of
lease).[6]

---

     [5] Even assuming, arguendo, that the verified complaint could
be read to assert claims on behalf of DeCroteau Corporation, the
argument is unavailing because the case was not brought as a
derivative action.  See, e.g., Bessette v. Bessette, 385 Mass.
806, 809-810 (1982) (plaintiff shareholder claims belonged to
the corporation, and could properly be asserted only through
derivative action).

     [6] The plaintiff arguably has standing in his individual
capacity to bring the claim of breach of fiduciary duty against
Mark and Michael individually.  Shareholders in a close
corporation owe one another a strict fiduciary duty in the
operation of the corporation.  Donahue v. Rodd Electrotype Co.
of New England, Inc., 367 Mass. 578, 592-593 (1975).  However,
shareholders do not owe one another this heightened duty in
matters beyond operation of the corporate enterprise.  See
Adelson v. Adelson, 60 Mass. App. Ct. 753, 767-768 (2004).
Here, the gravamen of the plaintiff's complaint is that his
brothers' attempt to sell the property caused him harm
individually, not that his brothers breached their duty to him
in a matter of corporate governance.  Id. at 768.  While we do
not opine on the ultimate viability of this claim, at this stage
of the proceedings we cannot conclude that the judge abused her

Although the plaintiff has no interest in DBR, he insists that this court should look beyond the corporate form, because he alleges that he has an "equitable interest" in the property. This argument is premised on his assertion that his payment of the monthly rent and taxes on the property over the course of many years created a constructive trust or a resulting trust in the property for his benefit. Even assuming that these payments were made by the plaintiff personally, and not by DeCroteau Corporation, they are, in and of themselves, insufficient to establish either a constructive or resulting trust. See Saulnier v. Saulnier, 328 Mass. 238, 240 (1952) (postconveyance payments cannot create a resulting trust unless payments act as "contemplated consideration for the conveyance"); Meskell v. Meskell, 355 Mass. 148, 151 (1969) (fraud or violation of fiduciary duty giving rise to constructive trust must occur at time property was transferred). Here, the plaintiff concedes that he did not furnish consideration of any kind for the purchase of the property. Accordingly, the judge did not err in concluding that the claims lacked a substantial likelihood of success on the merits, at least for the purposes of obtaining injunctive relief.

b. Lis pendens. The plaintiff contends that the judge abused her discretion in denying his motion for approval of a memorandum of lis pendens, claiming that his complaint alleged a claim of right to title in real property. In reviewing the denial of such a motion, this court considers whether the motion judge committed an error of law or abused her discretion in applying the standards of G. L. c. 184, § 15. Galipault v. Wash Rock Invs., LLC, 65 Mass. App. Ct. 73, 82 (2005).

General Laws c. 184, § 15, inserted by St. 2002, c. 496, § 2, provides, in relevant part, "Upon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum." The language of the statute is mandatory, and affords "little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate." Sutherland v. Aolean Dev. Corp., 399 Mass. 36, 41 (1987). In other words, the allowance or denial of a memorandum of lis pendens hinges on the nature of

_____

discretion in denying injunctive relief on the basis of the breach of fiduciary duty claim.

the claim, not the merits thereof.  See <u>ibid</u>.; <u>Wolfe</u> v.
<u>Gormally</u>, 440 Mass. 699, 703-707 (2004).  See also Shapiro,
Perlin, and Connors, Collection Law § 6:5 (4th ed. 2015) ("the
nature of the claim involved is the determinative factor, and
not the merits of the claim").[7]

Here, the judge denied the lis pendens motion for the same
reason she denied the request for injunctive relief, i.e., that
the plaintiff did not demonstrate a substantial likelihood of
success on the merits of his claim to an ownership interest in
the property.  However, because the verified complaint includes
a claim for the creation of a "resulting trust/equitable title,"
the nature of which constitutes a claim of right to title to
real property, <u>Eaton</u> v. <u>Federal Natl. Mort. Assn.</u>, 462 Mass.
569, 577 n.10 (2012), the merits of the underlying claims were
immaterial to the request for a lis pendens.  Thus, the denial
of the motion on that basis was error.

We nonetheless affirm the order, and hold that the
memorandum of lis pendens was properly denied, albeit on a
separate and independent basis.  See <u>Clair</u> v. <u>Clair</u>, 464 Mass.
205, 214 (2013) ("appellate court may affirm a correct result
based on reasons that are different from those articulated by
the judge below").  General Laws c. 184, § 15, dictates, inter
alia, that the proceedings underlying a request for a memorandum
of lis pendens must be commenced by a verified complaint.  The
complaint must include a certification by the claimant made
under the penalties of perjury that "no material facts have been
omitted therefrom."  No such certification was made in the
instant case.  This requirement is not one of mere form.  See
<u>Galipault</u> v. <u>Wash Rock Invs., LLC</u>, 65 Mass. App. Ct. at 82;
<u>McCann</u> v. <u>McGowan</u>, 71 Mass. App. Ct. 513, 519-520 (2008).  See

---

[7] We note that G. L. c. 184, § 15(<u>c</u>), contains a "mechanism
for expedited removal of an unjustified lis pendens, including
dismissal of frivolous claims supporting an approved lis
pendens."  <u>Wolfe</u> v. <u>Gormally</u>, 440 Mass. at 705.  A special
motion to dismiss pursuant to § 15(<u>c</u>) "shall be granted if the
court finds that the action or claim is frivolous because (1) it
is devoid of any reasonable factual support; or (2) it is devoid
of any arguable basis in law; or (3) the action or claim is
subject to dismissal based on a valid legal defense such as the
statute of frauds."  G. L. c. 184, § 15(<u>c</u>).  If the court allows
the special motion to dismiss, it must award the moving party
"costs and reasonable attorney[']s fees, including those
incurred for the special motion, any motion to dissolve the
memorandum of lis pendens, and any related discovery."  <u>Ibid</u>.

also <u>Commissioner of Correction</u> v. <u>Superior Ct. Dept. of the Trial Ct</u>., 446 Mass. 123, 124 (2006) (clear and unambiguous language in statute is conclusive as to legislative intent).  In view of the serious consequences that may arise from the recording of a memorandum of lis pendens, <u>Heller</u> v. <u>Turner Bros. Constr., Inc</u>., 40 Mass. App. Ct. 363, 365 (1996), strict compliance with the statutory prerequisites is required.  See <u>TPM Holdings, Inc</u>. v. <u>Intra-Gold Indus., Inc</u>., 91 F.3d 1, 4-5 (1st Cir. 1996) (noting requirement of strict compliance with lis pendens statutes in other jurisdictions).  The omission of the certification constituted a material deficiency.

Accordingly, the orders denying the plaintiff's motion for a preliminary injunction and motion for approval of a memorandum of lis pendens are affirmed.

<u>So ordered</u>.

<u>Adam M. Hamel</u> for the plaintiff.
<u>Jordan L. Shapiro</u> (<u>Eric L. Shwartz</u> with him) for the defendants.