Lenk, J.
The Plaintiff, BayBank (“BayBank”), brought this mortgage action against John and Jessica George (the Defendants) on or about May 6, 1994. The defendants reside at 77 Bennett Street, Waltham, Massachusetts. On or about August 4, 1988, in the county of Middlesex, the defendants executed a promissory note in the amount of $60,000 (“Note”). The Note was secured by a mortgage on real, property located at 146 Nye Street, Unit 10, New Bedford, Massachusetts.
The terms of the Note provided for acceleration of the loan balance in the event of default, and the terms of the mortgage provided for entry upon and sale of the secured real property for the purpose of satisfying the accelerated Note balance in the event of default.
The defendants defaulted on the loan. Subsequently, a foreclosure auction of the property at 146 Nye Street, Unit 10, New Bedford, Massachusetts, was conducted on May 6, 1992. At the time of the foreclosure sale, the amount of principal outstanding was $59,285.01, the amount of interest outstanding was $8,803.87, and the amount of late fees was $212.08. The costs of conducting the foreclosure sale amounted *474 to $11,939.00, which were deducted from the sale proceeds of $11,500.00, leaving a deficiency balance of $68,739.96. On May 6, 1994, BayBank brought suit against the defendants for this deficiency.
BayBank now moves for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the following reasons, BayBank’s motion for summary judgment is ALLOWED.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgement as a matter of law.” Pederson v. Time, Inc., 404 Mass. 15, 16-17 (1989).
A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element-of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 808 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgement." Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
Compliance with Notice Requirement
The plaintiff has submitted verified evidence that the parties entered into a promissory note secured by a mortgage. The affidavit of Stephen Allen confirms that the defendants defaulted on the Note in February, 1991. On June 14, 1991, the plaintiff sent a letter to Mr. John George and Ms. Jessica George, at 77 Bennett Street, Waltham, Massachusetts, notifying them of the default. BayBank has shown that the defendants are liable on the Note and have defaulted.
It is not contested that BayBank filed this deficiency action within the two years required by G.L.c. 244 §17A.[2] However, the defendants claim that they did not receive notice of BayBank’s intent to foreclose as required by G.L.c. 244 §17B. Thus, the issue before this court is whether or not BayBank followed proper procedures for a deficiency proceeding under G.L.c. 244 §17B.[3]
As stated in the affidavit of Stephen Allen, BayBank sent the Notice of Intention to Foreclose and of Deficiency after Foreclosure of Mortgage to John C. George and Jessica L. George, postage prepaid, by registered mail with return of receipt requested at their last known address.[4] Stephen Allen filed an affidavit attesting that the mailing was signed and sworn to within the thirty days after the foreclosure sale.
This court finds that BayBank has fully complied with the requirements set forth in G.L.c. 244 §17B. The plaintiff filed in court copies of the statutoiy notices and an appropriate affidavit. Section 17B specifically provides that an affidavit of mailing of the notice is prima facie evidence of the mailing of such notice. “Evidence of mailing will ordinarily warrant a finding that the notice was received.” Mutual Bank for Savings v. Silverman, 13 Mass.App.Ct. 1059, 1060-61 (1982). The statute requires notice to be “mailed,” not received. Further, even if “receipt” were somehow relevant to the disposition of this motion, defendants have submitted nothing in verified form stating that they did not receive notice.[5] The defendants’ claim, in their memorandum of law, that they did not “receive” notice is insufficient, as a matter of law, to raise a genuine issue of fact as to whether notice was received.
ORDER
Accordingly, it is hereby ORDERED that Plaintiffs motion for summary judgment is ALLOWED.

G.L.c. 17A requires that actions on mortgage notes be commenced within two years after the date of the foreclosure sale. BayBank filed this action on May 6, 1994, exactly two years after the foreclosure sale, revealing the deficiency.

G.L.c. 244 §17B provides: “No action for deficiency shall be brought ... by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale . . . unless notice in writing of the mortgagee’s intention to foreclose has been mailed, postage prepaid, by registered mail with return of receipt requested, to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for the deficiency ... A notice mailed as aforesaid shall be sufficient notice, and such an affidavit made within the time specified shall be prima facie evidence of such notice."

Notice of BayBank’s Intention to Foreclose and of Deficiency after Foreclosure was sent to Ms. Jessica George and Mr. John George individually at 77 Bennett Street, Waltham, Massachusetts. Notice of Intention to Foreclose and of Deficiency after Foreclosure of Mortgage was also sent to Mr. John George and Ms. Jessica George at the mortgaged property, Unit 10, Nye Street Condominium, 146 Nye Street, New Bedford, Massachusetts.

There is no affidavit from the defendants raising an issue of material fact as to whether the notice was received.