PAUL McMANN *vs.* LINDA B. McGOWAN.

No. 06-P-1562.

Middlesex. November 16, 2007. - April 7, 2008.

Present: COWIN, COHEN, & GRAHAM, JJ.

*Contract,* Construction of contract. *Notice. Lis Pendens. Words,* "In hand."

In an action arising from the parties' failure to consummate a purchase and
sale agreement regarding certain real property, the judge correctly determined
that the plaintiff buyer, in delivering notice of his decision to extend the
closing date, failed to comply with the agreement's provision requiring
delivery "in hand," where the plaintiff personally delivered the notice to
the offices of the defendant's counsel but did not place it in the hand of a
person with express or implied authority to accept delivery [516-519];
further, where the plaintiff failed to disclose this material fact (i.e., that he
had not placed the notice in a person's hand) until four months after he
had filed his amended verified complaint, the judge did not err in allowing
the defendant's special motion to dismiss the complaint or by dissolving
the memorandum of lis pendens that the judge had previously approved
[519-520].

CIVIL ACTION commenced in the Superior Court Department on
November 2, 2005.

Motions to dismiss and for dissolution of a memorandum of
lis pendens were heard by *Thomas R. Murtagh,* J.

*Floyd H. Anderson* for the plaintiff.

*Rory Z. Fazendeiro* for the defendant.

GRAHAM, J. In this appeal, the plaintiff claims that a judge of
the Superior Court misconstrued a contractual notice provision
prescribing delivery "in hand" and, as a result, erred when he
issued an order dissolving a memorandum of lis pendens and
allowing the defendant's special motion to dismiss. See G. L.
c. 184, § 15. We affirm.

*Background.* In September, 2004, the defendant accepted the
plaintiff's offer to purchase property located at 22 Summer

Street in Weston for a total purchase price of $769,000. The parties entered into a purchase and sale agreement (P & S) on October 8, 2004, which was amended on October 15, 2004, and was subject to the issuance of a building permit for an affordable housing project. The P & S required closing within thirty days of the issuance of a building permit and within nine months of the P & S execution date, i.e., July 8, 2005.

The notice provision, section 21 of the P & S, set forth explicit requirements regarding the appropriate methods for notices provided by the parties, stating in relevant part:

> "All written notices required or permitted to be made under this Agreement shall be delivered in hand, sent by certified mail, return receipt requested, sent by United States Postal Service overnight Express Mail or other overnight delivery service, or by facsimile with a copy sent by first class mail, addressed to the BUYER or SELLER or their authorized representative at the address set forth in this paragraph. Such notice shall be deemed to have been given upon delivery or, if sent by certified mail on the date of delivery set forth in the receipt or in the absence of a receipt three business days after deposited or, if sent by overnight mail or delivery, the next business day after deposit with the overnight mail or delivery service, whether or not a signature is required. Acceptance of any notice, whether by delivery or mail, shall be sufficient if accepted or signed by a person having express or implied authority to receive same. Notice shall also be deemed adequate if given in any other form permitted by law."

When the plaintiff was unable to close by July 8, 2005, the parties executed a document entitled "Agreement of the Parties" (extension), which incorporated and revived the P & S, and set the time for performance as October 15, 2005, unless the plaintiff provided written notice to the defendant on or before October 5, 2005, to extend the closing date to December 15, 2005.

On October 24, 2005, the defendant notified the plaintiff that his failure to close or to extend the closing by October 5, 2005, constituted a material breach of the parties' P & S and extension agreements and that the agreements consequently were void and no longer in effect.

In November, 2005, the plaintiff filed a verified complaint and an amended verified complaint seeking declaratory relief, specific performance, and damages for breach of contract, all arising from the failure of the parties to consummate the P & S. In his amended verified complaint, the plaintiff stated in relevant part:

> "On or about September 23, 2005 [the plaintiff] . . . hand delivered notice of his decision to extend the closing date to December 15, 2005 to the offices of [defendant's counsel]."

The complaint contained no other specifics regarding how delivery was effectuated.[1]

On November 4, 2005, the plaintiff filed a motion for approval of a memorandum of lis pendens, which the defendant opposed. After a judge of the Superior Court allowed the motion, the defendant filed an answer and counterclaim. In her answer, the defendant denied that the plaintiff had hand-delivered a notice to extend the closing date.

On December 27, 2005, the defendant notified the plaintiff of his obligation to preserve all electronic evidence regarding the creation and authenticity of the notice. In March, 2006, the defendant filed a motion to compel the production of documents. The court allowed the defendant's motion, which was unopposed. In the ensuing discovery, the plaintiff revealed, for the first time, that when he delivered the notice "[n]o one was in the office so [he] left [it] on what looked like the receptionist's cubicle on top of a pad that seemed to be used for recording telephone messages." The plaintiff also claimed that the electronic evidence, by which the defendant had sought to authenticate the notice letter, was damaged and unrecoverable.

In June, 2006, the defendant filed a special motion to dismiss and a motion for dissolution of the memorandum of lis pendens. See G. L. c. 184, § 15(*c*). The motions were heard by a second judge of the Superior Court who, on July 31, 2006, issued a

---

[1]The plaintiff also alleged in his complaint that he had provided the defendant with verbal notice that he needed to extend the closing. On appeal, the plaintiff claims only that he provided notice "in hand," and he does not argue that verbal notice was sufficient or that he provided notice in any other way permitted by the notice provision.

memorandum of decision and an order allowing the special motion to dismiss and dissolving the memorandum of lis pendens. In his memorandum of decision, the judge found that the plaintiff failed to give proper notice of his intent to extend the closing date. The judge also found that the plaintiff omitted material facts from his amended verified complaint, namely, that the plaintiff did not deliver the notice to a person and that no one with authority accepted or signed for the notice. From the subsequent order allowing the defendant's special motion to dismiss and dissolving the memorandum of lis pendens, the plaintiff brought the instant appeal.

*Contract interpretation.* The judge below determined that the plaintiff did not comply with the contractual notice provision prescribing delivery "in hand" because the plaintiff did not put the notice in the hand of a person with express or implied authority to accept delivery. The plaintiff contends that the judge's interpretation of the notice provision was erroneous because the term "in hand" merely required delivery by hand to defense counsel's address.[2] We agree with the judge's interpretation of "in hand" and his conclusion that the plaintiff did not comply with the requirement of "in hand" delivery.

"The interpretation of a written contract is a question of law." *Brillante* v. *R.W. Granger & Sons, Inc.*, 55 Mass. App. Ct. 542, 548 (2002). When the words of a contract are not ambigu-

---

[2]The plaintiff also argues that the judge erred when he construed the third sentence of the notice provision ("Acceptance of any notice . . . shall be sufficient if accepted or signed by a person having express or implied authority to receive same") to apply to "in hand" deliveries. Although we determine, *infra*, that the plaintiff did not comply with the "in hand" delivery requirement of the P & S and therefore need not address this issue, we are not persuaded by the plaintiff's argument.

The plaintiff argues, in essence, that the statement, "notice shall be deemed to have been given upon delivery," which is located in the second sentence of the notice provision, indicates that the parties did not intend that receipt or awareness of receipt be required. Thus, according to the plaintiff, it would make "no sense" to interpret the notice provision as requiring acceptance or signed acceptance by a person with authority. We reject the plaintiff's argument for two reasons. First, as contract terms establishing the time of delivery and the methods of acceptance are distinguishable, we see no need to interpret the phrases in the manner pressed by the plaintiff. Second, the plaintiff's construction violates the principle that "no part of the contract is to be disregarded." *Boston Elev. Ry.* v. *Metropolitan Transit Authy.*, 323 Mass. 562, 569 (1949).

ous, the contract language must be construed in its usual and ordinary sense. *116 Commonwealth Condominium Trust* v. *Aetna Cas. & Sur. Co.*, 433 Mass. 373, 376 (2001). "We read the [contract] as written. We are not free to revise it or change the order of the words." *Continental Cas. Co.* v. *Gilbane Bldg. Co.*, 391 Mass. 143, 147 (1984). In addition, "[a]ll parts of an agreement are to be construed together as constituting a single and consistent arrangement." *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.*, 282 Mass. 367, 375 (1933). We "must 'give effect to the parties' intentions and construe the language to give it reasonable meaning wherever possible.' " *Brillante, supra*, quoting from *Baybank Middlesex* v. *1200 Beacon Properties, Inc.*, 760 F. Supp. 957, 963 (D. Mass. 1991).

The parties have not cited any authority on the meaning of "in hand," and although that term appears in our statutes, court rules, and decisions, we have been unable to locate any Massachusetts cases that explicitly define that term. There is legal authority, however, that uses the term "in hand" to characterize delivery to a person.[3] See, e.g., *Harding* v. *Studley*, 290 Mass. 310, 313, 315 (1935) (characterizing handing of item to individual as a "delivery in hand"); *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281, 282-283 (1983) (characterizing statutory phrase, "delivered to the offender," as "in-hand delivery"); *Lombardi* v. *Lombardi*, 68 Mass. App. Ct. 407, 413, 415 (2007) (characterizing statutory phrase, "the individual is personally served with a notice," as "in-hand service"). This authority indicates that delivery "in hand," as used in its ordinary and usual sense, means that the item to be delivered is placed in the hand of the intended receiver — not that the item is carried in the deliverer's hand, as suggested by the plaintiff's interpretation. The plaintiff's interpretation would more accurately describe "by hand" delivery.

---

[3]There also is legal authority that identifies "in hand" delivery and leaving the item at an address as alternative delivery methods, thereby indicating that "in hand" delivery is not the same as leaving the item at a designated address. See, e.g., G. L. c. 224, § 14 ("If the debtor is a natural person, service shall be made by delivery in hand or by leaving a copy at the debtor's last and usual place of abode"); *Christian Book Distribs., Inc.* v. *Wallace*, 53 Mass. App. Ct. 905, 905-906 (2001) (leaving process at defendant's residence was adequate to perfect personal jurisdiction; delivery "in hand" was not required).

We believe that our view of the meaning of "in hand" delivery also finds support in both the context in which the term appears and the purpose of the contract's notice provisions. In addition to delivery "in hand," the notice provision lists three other methods that the parties could use to effectuate delivery of notice. Each of these methods (certified mail, overnight delivery, and facsimile service) provide a paper or electronic trail, thereby enabling delivery to be verified without reliance on an uncorroborated assertion by the plaintiff. See *Cinder Prod. Corp.* v. *Schena Constr. Co.*, 22 Mass. App. Ct. 927, 929 (1986) (registered mail and certified mail facilitate proof of delivery of notice); *Computune, Inc.* v. *Tocio*, 44 Mass. App. Ct. 489, 493 (1998), quoting from *Gerson Realty Inc.* v. *Casaly*, 2 Mass. App. Ct. 875, 875 (1974) (" 'The function of a requirement that notice be transmitted by registered mail is to provide a means of resolving disputes as to the fact of delivery of the notice.' Delivery by Federal Express . . . serves the same function and provides the same proof of delivery as certified or registered mail").

Thus, three of the four alternative methods by which notice may be effected create a means of verification that does not depend solely on the notice giver. While "in hand" delivery does not by itself generate the same kind of written or electronic verification (absent a requirement of a signed receipt), it at least envisions a living recipient who can testify that a particular document was in fact received. This is not the case with "by hand" delivery which, as here, can result in a notice reaching a place but not a person. That method accomplishes nothing with respect to verification of receipt that is not accomplished by ordinary mail. Giving these contractual provisions a construction that will effectuate what appears to have been the parties' intent, see *Bray* v. *Hickman*, 263 Mass. 409, 412 (1928), we conclude that the parties sought the extra assurance of delivery that was possible by means of actual contact with a living recipient.

The plaintiff, in essence, asks this court to revise the explicit language of the notice provision from "in hand" to "by hand." We decline. We conclude that the term "in hand" requires that the plaintiff place the notice in another person's hand, as this construction is supported by the language of the contract as written and adheres to the usual and ordinary meaning of "in hand,"

and such a construction, consistent with the other delivery methods, provides a means of verifying delivery that does not depend solely on the plaintiff's veracity.

In light of our construction of the notice provision, and given that the plaintiff makes no claim that he placed the notice in another individual's hand, we also conclude that the plaintiff did not comply with the notice provision.

*Dismissal of action and dissolution of lis pendens.* A memorandum of lis pendens is a notice on the record title of real estate that reflects the pendency of any action that "affects the title to real property or the use and occupation thereof." *Wolfe* v. *Gormally,* 440 Mass. 699, 700 (2004). General Laws c. 184, § 15, provides "a mechanism for expedited removal of an unjustified lis pendens, including dismissal of frivolous claims supporting an approved lis pendens." *Galipault* v. *Wash Rock Invs., LLC,* 65 Mass. App. Ct. 73, 81 (2005), quoting from *Wolfe* v. *Gormally, supra* at 705.

Section 15(*c*), inserted by St. 2002, c. 496, § 2, provides that a special motion to dismiss "shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds." The statute requires that the judge consider the verified pleadings and affidavits in ruling on the motion and, if the motion is granted, award costs and attorney's fees to the aggrieved party. See *Galipault, supra* at 81-82. The applicable standard of review for the dismissal of the plaintiff's action, dissolution of the lis pendens, and awarding of fees and costs is whether the trial court judge "committed an error of law or abused his discretion in applying the standards of G. L. c. 184, § 15(*c*)." *Id.* at 82.

General Laws c. 184, § 15(*b*), provides that the proceeding underlying a request for a memorandum of lis pendens must be commenced by a complaint including a certification from the movant that "no material facts have been omitted therefrom." *Galipault, supra* at 82, quoting from G. L. c. 184, § 15(*b*), inserted by St. 2002, c. 496, § 2. A party's failure to include all material facts may result in the dismissal of that party's claims where the omitted facts establish that those claims are devoid of

reasonable factual support or arguable basis in law. See, e.g., *id.* at 82-83. A "material fact" is one that is "significant or essential to the issue or matter at hand." Black's Law Dictionary 629 (8th ed. 2004). See *Dagan* v. *Jewish Community Hous. for the Elderly,* 45 Mass. App. Ct. 511, 513-514 (1998) (in summary judgment context, material fact is one essential to element in plaintiff's case).

Here, the entire case turned on whether notice was properly delivered pursuant to the contractual provision. As discussed above, the notice provision required that the plaintiff place the notice in the hand of a person. However, the only details provided in the plaintiff's amended verified complaint regarding the method by which he delivered the notice were misleading. The plaintiff had simply stated that he "hand delivered notice of his decision to extend the closing date . . . to the offices of [defendant's counsel]." Moreover, the plaintiff did not disclose until four months after he filed his amended verified complaint — after the judge issued an order compelling the plaintiff to respond to the defendant's discovery — that "[n]o one was in the office so [he] left [the notice] on what looked like the receptionist's cubicle on top of a pad that seemed to be used for recording telephone messages."

Comparing the plaintiff's allegations in his complaint to the requirements in the notice provision, it is clear that the plaintiff omitted a material fact, namely, that he did not place the notice in a person's hand. This detail went to the crux of the case, and when it was finally disclosed, the factual and legal deficiencies in the plaintiff's claims were immediately exposed. Accordingly, the judge properly concluded that the underlying claims were frivolous because they lacked factual or legal support. The judge therefore did not err by allowing the defendant's special motion to dismiss or by dissolving the memorandum of lis pendens.

*Conclusion.* As we see no error of law or abuse of discretion in the judge's application of the standards of G. L. c. 184, § 15(*c*), we affirm the order dissolving the memorandum of lis pendens, dismissing the plaintiff's action, and awarding attorney's fees and costs to the defendant. We also allow the defendant's requests for attorney's fees and single costs with respect to this appeal. The defendant may file a petition within

fourteen days of the date of the rescript of this opinion, together with supporting materials, and the plaintiff shall have fourteen days thereafter to respond. See *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). The case is remanded to the Superior Court for further proceedings with respect to the defendant's counterclaims.

*So ordered.*