Muse, Christopher J., J.
INTRODUCTION
Susan Grimm (“Grimm”) and David Mason (“Mason”) seek summary judgment on their claim for the return of deposit under a contingency clause of Rider A of the Purchase and Sales Agreement, which they entered with the defendant Anne Venezia (“Venezia”) and summary judgment on counterclaims. Venezia also moves for summary judgment on her claim for the deposit, and on her counterclaims of breach of the implied covenant of good faith and fraud in the inducement. For reasons stated below, plaintiffs’ motion for summary judgment is ALLOWED and defendant’s motion is DENIED.
BACKGROUND
The following facts are undisputed. Grimm and Mason, through a real estate agent in Massachusetts (“D’Olimpio”), wished to buy Venezia’s property in Truro, MA, which had been marketed by Venezia’s real estate agent (“Dean”). Grimm and Mason were concurrently attempting to sell their property in Oregon. On June 17, Venezia’s attorney (“Nunheimer”) contacted Grimm and Mason’s attorney (“Fiset”) to inquire about the status of the Oregon sale, because the proposed Purchase and Sales Agreement was to be expressly conditioned on the sale of the Oregon property by July 1, 2010 at 5:00. Fiset replied the same day with the following:
Although I am not directly involved, I believe it is under Agreement and their potential Buyer is having some mortgage issues. Of course, that results in this domino-effect of contingencies. Hopefully, all will go well.
On June 18, 2010, the Purchase and Sales Agreement was signed, and the contingency was included. The notice provision of Rider A of this agreement reads as follows:
All notices and mailings of any nature contemplated hereunder shall be sufficient if in writing and delivered in hand or if mailed, by certified mail, return receipt requested, postage prepaid, sent by facsimile, supported by printed receipt to noticed party or sent by overnight delivery service, addressed: [addresses listed].
Purchase and Sales Agreement, p. 44, emphasis added. The property was not sold by July 1, 2010. On that day, Fiset telephoned Nunheimer to inform her that the Oregon sale had failed. Nunheimer then emailed Fiset to confirm that the contingency would be exercised and indicated that she had knowledge of the phone call. Fiset confirmed the exercise of the contingency in an email sent at 11:13 on July 1, 2010, and Nunheimer received this email. Fiset also requested in the email that the deposit of $53,200 be *617 returned pursuant to the contract. This was not done, and as a result Grimm and Mason brought this action against Venezia.
DISCUSSION
I. Standard of Review
Summary judgment is proper when the record shows that there is “no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass.R.Civ.P. 56(c).
II. The List of Methods of Notice Provided is Not Exhaustive[2]
The question of interpretation of the words “shall be sufficient” in the notice provision is a question of law. When interpreting a contract, “(u]nless a different intention is manifested . . . where language has a generally prevailing meaning, it is interpreted in accordance with that meaning.” Restatement (Second) of Contracts, §202(3)a. The plain meaning of the word “sufficient” is “adequate; of such quality, number, force, or value as is necessary for a given purpose.” Black’s Law Dictionary (9th Edition, 2009).[3] It is not an adjective that proscribes a limitation by definition, as do the words “unique” or “only,” which by definition can describe only the entily(ies) listed and exclude all similar entities.[4] However, context could provide limiting language. In the case before this court, there is no such limiting language to suggest that these methods were meant to be the only methods of notice permitted.[5] Venezia is asking the court to read limiting language into this clause. Alternatively, she is asking the court to delete the words “sufficient if’ and turn the sentence into a mandate that all notices shall be given in the listed manners. The court declines to do so.[6] Furthermore, the words “shall be sufficient” in parts of the General Laws that pertain to notice indicate that certain methods of notice are indisputable.[7] The clause leaves the option of other methods of notice, but also leaves them open to dispute.[8] A parly gives notice using another method at its own risk.[9]
Even in cases when a contract contains explicit limiting language, courts have upheld notice given in a way technically not allowed but in the spirit of the notice provision. Gerson Realty, Inc. v. Casaly, 2 Mass.App.Ct. 875 (1974) (stating that when timeliness and delivery were admitted, notice was properly given when sent in an unauthorized manner). There is no dispute in this case that there was actual notice of the exercise of the contingency. Both parties have cited to McMann v. McGowan, where it was doubtful whether the notice was actually delivered and received. 71 Mass.App.Ct. 513 (2008). “If notice [in McMann] was delivered as alleged, and was received, then the authors believe a rule of reason should have been applied by the court to validate the delivery.” 28 Mass. Prac. §3.40. Using a rule of reason would mean examining the action taken under the facts and circumstances of the particular case. 6 Williston, Contracts, §13:1 (4th ed.). In this case, notification occurred on the last date on which the condition could fail. Under the circumstances, notice might not have been received until one day before the closing, so it would be reasonable to use the fastest means available for giving actual notice. It is reasonable for actual notice to be sufficient notice. As in the McMann case, given the ways listed to indicate sufficient notice, it seems that the intention of the parties was to create an electronic or paper trail to show that notice was given. McMann, 71 Mass.App.Ct. at 518. This trail is established by the emails, which establish a trail for the phone call as well, since it is referenced. Therefore, the notice is sufficient, since it complies with the intention of the clause, which is not even limiting the means of notice, but providing avenues of giving notice that would not be contested.
I. No Breach of the Implied Covenant of Good Faith and Fair Dealing[10]
New cases have been successful in demonstrating breach of the implied covenant of good faith and fair dealing. Venezia cites to Anthony’s Pier Four, Inc. v. HBC Assocs., which stands for the proposition that “neither party shall do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract . . .”411 Mass. 451, 471 (1991). In that case, the seller tried to withhold approval to get a higher price regardless of the actual worth of the property, knowing that the delay would put the buyer under intense pressure. Id. at 473. Viewing the facts in the light most favorable to Venezia as the non-moving party, there is no indication on the record that Grimm and Mason were assertively trying to subvert Venezia’s rights under the contract. They were merely exercising their own rights under the contingency by trying to sell their home until July 1, 2010. Even after additional discovery, Venezia has not put forth any fact to contradict the assertions of Grimm that she and Mason continued to work with the Oregon buyer between May 27, 2010 and July 1, 2010 to try to sell their home. Grimm also provided an addendum to the Oregon sales agreement dated June 24, 2010, stating that the Oregon sale was set to close on June 30, 2010, which demonstrates that the sale was still on track. Venezia has brought forth no fact to dispute this. The fact that Grimm and Mason’s efforts were ultimately futile does not mean that there was bad faith.
II. No Fraud in the Inducement
Venezia concedes Grimm, Mason, D’Olimpio, and Fiset did not have a duty to explain the basis for wanting a contingency. Instead, Venezia claims that once any of them spoke about an issue, they became under a duty to disclose all facts within their knowledge about it. This situation is almost the opposite of what that stands for.[11] The case that Venezia points to states that “[t]he first requirement to sustain a claim of misrepresentation is that the representation made must be false.” Zimmerman v. Kent, 12 Mass.App.Ct. *618 72, 78 (1991). Venezia points to no false statements made by D’Olimpio or Fiset prior to entering into the agreement. [12], [13]
First, Venezia does not point to any false statement of D’Olimpio[14] prior to entering the agreement on the summary judgment record. Venezia has pointed to only one statement of Fiset’s prior to the Purchase and Sales Agreement, namely, the email above. There are no false statements in this email. There is no evidence that Fiset knew anything more than what is stated in this email. The mention of “issues” without explanation or trivialization should cause rather than quell anxiety. Therefore, Venezia’s claim that Fiset’s statements constituted fraud in the inducement is without merit.
CONCLUSION
For the reasons stated above, Grimm and Mason’s Motion For Summary Judgment on their complaint, and on defendant’s counterclaims, is ALLOWED. Venezia’s Motion Summary Judgment is DENIED.

Defense conceded at hearing that if the list was not exclusive, notice was properly given.

“When determining the ordinary meaning of a word or phrase in connection with the interpretation of a contract, it is appropriate to look to the definitions in a recognized dictionary.” 11 Williston, Contracts §30:10 (4th ed.).

therefore, if A is stated to be sufficient, there is nothing in that statement alone to imply that all other similar entities are automatically insufficient.

Notably absent from the notice clause are words such as “only” or “must,” or phrases such as “all other methods of notice are insufficient,” which would clearly limit the methods of notice to those listed.

“A court will not rewrite the contract of the parties.” 11 Williston, Contracts §31:5 (4th ed.).

See Baybank v. George, 3 Mass. L. Rptr. 473 (1995) (stating that notice served in the listed ways would be adequate even if allegedly unreceived).

See Cummings Properties, LLC v. Eaton Corp. 13 Mass. L. Rptr. 609 n.2 (2001) (indicating that the language “notice .. . shall be deemed duly served when served by constable, or delivered ... by certified mail...” did not limit the methods of giving notice to those listed); see also Korey v. Sheff, 3 Mass.App.Ct. 266, 267-68 (1975) (holding that language similar to the above did not exclude other methods of notice).

As the plaintiffs, no doubt, are now well aware.

Claims regarding alleged misrepresentations are dealt with in the next section. The claim that the Oregon sales contract was intentionally withheld is completely without factual support on the record.

D’01impio made a statement that would cause anxiety to the defendant. The situation referenced above is when a statement is made to quell anxieties, but the person making the statement has information to the contrary or which makes the statement questionable but does not disclose it because it would cause anxiety.

Statements made by D’Olimpio or even Fiset after entering into the agreement are not actionable because they were not inducing anything.

Venezia alleges that Grimm and Mason Ted her to believe” they were retired (when they had in the past run a nursery) with no further elaboration. There is no specific allegation about what could have caused her to believe this.

The claim as stated by Venezia pertaining to statements of D’Olimpio is strange for two reasons: first, because it requires establishing that Venezia’s witness Dean has made untrue statements, and second, because it would imply that Grimm and Mason would have been better off not telling Venezia that an issue existed than telling her it existed but not elaborating with unsolicited information.