Brown, Angel Kelley, J.
INTRODUCTION
This case arises from a breach of contract for the purchase and sale of properly. Specifically, plaintiff alleges that the defendants failed to acknowledge the assignment of rights and interests in the purchase and sale agreement, entitling plaintiff to specific performance. Furthermore, plaintiff alleges that he is entitled to a portion of the insurance proceeds for renovations financed and implemented prior to a devastating fire. The plaintiff now moves for a preliminaiy injunction, forbidding the defendants from transferring or conveying the properly to a third person. Plaintiff also seeks an endorsement of lis pendens. For the reasons stated herein, Plaintiffs motions are Denied.
FACTS[2]
The Masonic Temple Association of Quincy, Inc. (“Masonic Temple”) is a non-profit organization that owns properly located at 1170 Hancock Street, Quincy, Massachusetts (“properly”). In September 2012, Masonic Temple entered into a purchase and sale agreement (“P&S”) with Ellen Rae Marcus, as Trustee of the Gross-man Munroe Trust (“Trust”) to sell and convey Unit 1 of the property, consisting of the first and upper floors of the building. Masonic Temple would retain ownership of Unit 2, consisting of the basement floor. The P&S was amended to include a rider, which provides:
In or Within Eight (8) Months from the BUYER having obtained all necessary zoning approvals, design reviews, variances, or permits necessary to allow the BUYER to do all required work for the intended use of Unit 2 in compliance and in conformity with the Cily of Quincy Zoning Code and prior *77 to BUYER taking title to the Properly and/or Unit 1, BUYER shall be obligated, at BUYER’S sole cost and expense, to do the work required to build out Unit 2 for the SELLER’S purposes and use as a Masonic Temple and meeting place . . .
On April 19, 2013, the plaintiff, Jay Patel, purchased an assignment of the Trust’s rights and interests in the P&S for $100,000. The P&S, however, included the following provision:
Assignment/Recording. This Agreement may not be assigned or recorded by the BUYER without the prior written consent of the SELLER and any recor-dation by BUYER (including a recording of notice hereof) or purported assignment by BUYER in violation of this paragraph shall be considered a default by BUYER under this Agreement. . .
Patel contributed $21,636.00 as his share of the fire insurance premium, commenced the initial phase of remodeling and construction of the Masonic Temple’s unit pursuant to the above rider provision, and expended $284,913.86 in construction costs in pursuit of this endeavor.
On September 30, 2013, the building sustained catastrophic damage due to a fire. At the time, title remained in Masonic Temple’s name because the Unit 2 construction, along with permitting and licensing, prerequisites had not been achieved. Masonic Temple settled with the insurer, and received insurance proceeds as a result of the Are damage. Patel brought this action to secure a portion of the insurance proceeds and to seek specific performance of the P&S. Masonic Temple has not given Patel a portion of the insurance proceeds or completed the sale of the property to Patel because Masonic Temple will not recognize Patel’s standing as the assignee.
DISCUSSION
I. Patel’s Motion for Preliminary Injunction
Patel moves for a preliminary injunction, preventing Masonic Temple from marketing, transferring, selling or otherwise encumbering the properly in favor of a third party until resolution of this case. To succeed upon an application for a preliminary injunction, the moving party must demonstrate the following: (1) likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; and (3) the necessity of an injunction outweighs the risk of irreparable harm to the non-moving party. Packaging Indus. Grp., Inc. v. Cheney, 380 Mass. 609, 617 (1980). “Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.” Id.
Patel has not met his burden of proving his likelihood of success on the merits. Patel’s claims all arise from an alleged breach of contract to honor the assignment of the Trust’s interest in the P&S between the Trust and Patel. However, this court sees no reason why Masonic Temple is liable to Patel, considering the Trust originally breached the P&S by assigning its interest in the property to Patel without seeking consent. The P&S expressly provides, “(t]his Agreement may not be assigned or recorded by the BUYER [the.Trust], without the prior written consent of the SELLER [Masonic Temple].” Patel has proffered no evidence of Masonic Temple’s consent.
Instead, Patel argues that Masonic Temple has waived enforceability of this provision by continuing to work with Patel prior to the fire accident. Waiver exists where a parly has intentionally relinquished a known right. Roseman v. Day, 345 Mass. 93, 99 (1962). Waiver may be manifested impliedly by a contractual party’s words or acts, or may arise from other reasonable inferences drawn from the attendant facts. Kact, Inc. v. Rubin, 62 Mass.App.Ct. 689, 695 (2004). Implied waivers, however, require a showing that the conduct clearly, decisively, and unequivocally demonstrates waiver of one’s own right. Prozinski v. Northeast Real Estate Servs., LLC, 59 Mass.App.Ct. 599, 608 (2003).
Patel’s argument that Masonic Temple waived the “no-assignment” provision is unavailing. Patel proffers no evidence to suggest that Masonic Temple communicated through its acts or otherwise that it had permitted the assignment to Patel. Contrarily, the evidence before the court demonstrates an effort on behalf of Patel and the Trust to conceal the assignment. The assignment occurred on April 19,2013. However, the Trust appeared and negotiated an amendment to the P&S, resulting in the above-referenced rider, between May and July 2013. The Trust, and not Patel, executed the amendment with Masonic Temple on July 15, 2013. Masonic Temple proffers affidavits showing, and the Trust representatives admit that it informed Masonic Temple during negotiations that Patel was the contractor on the development and would be financing the remodeling and construction. It was not until after the fire occurred that Masonic Temple was notified that Patel acquired the Trust’s interest in the P&S by assignment. Accordingly, Patel is not likely to succeed on the merits. The court need not address the remaining prongs of the preliminary injunction analysis.
II. Endorsement of Lis Pendens and Defendant’s Special Motion to Dismiss
A memorandum of lis pendens shall be endorsed and issued only “if the subj ect matter of the action constitutes a claim of a right to title to real properly or the use and occupation thereof or the buildings thereon.” G.L.c. 184, § 15(b) (2014). General Laws c. 184, § 15(b) further provides, “[a]ny parly seeking a memorandum of lis pendens under this section shall commence the underlying proceeding by means of a verified complaint... to include a certification by the claimant made under the penalties of perjury . . . that no material facts have been omitted therefrom.” “A party’s failure to include all material facts may result in the dismissal of that parly’s claims where the omitted facts establish that those claims are devoid of reasonable factual support or arguable basis in law." McCann v. McGowan, 71 Mass.App.Ct. 513, 519-20 (2008).
*78 The substance of Patel’s case turns entirely on whether the assignment of the Trust’s interest in the P&S to Patel was valid. Patel omits from his verified complaint the substance of the “no-assignment" provision, the fact that Masonic Temple did not consent to the assignment although such consent is required by the P&S, and that any assignment absent consent is presumed invalid. Furthermore, as discussed above, the Trust continued to negotiate the amendment to the P&S after the assignment to Patel. Patel was held out as the contractor and financier of the project. This information was also omitted . Patel further concealed that the Masonic Temple was not informed of the assignment until after the fire had occurred.
These factual omissions are material as to whether the assignment is valid and whether Masonic Temple, by its conduct, waived the provision’s enforceability. Patel’s failure to adequately plead all material facts to support his endorsement of lis pendens compels this court to deny his Motion for Endorsement of Lis Pendens. Furthermore, in light of Patel’s material omissions from his complaint, the court finds that Patel’s claims are frivolous because they are entirely devoid of any factual or legal basis to support compliance with the “no assignment” provision or waiver of its enforceabiliiy. See G.L.c. 184, §15(c) (“special motion to dismiss shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law”).
ORDER
For the foregoing reasons, the court hereby orders:
1. Plaintiff Jay Patel’s Motion for Preliminary Injunction is Denied.
2. Plaintiff Jay Patel’s Motion for Endorsement of Lis Pendens is Denied.
3. Defendant Masonic Temple Association of Quincy, Inc.’s Special Motion to Dismiss is Allowed. Defendant Masonic Temple Association of Quincy, Inc. shall recover from Plaintiff, Jay Patel, all reasonable attorneys fees and costs incurred for the special motion.[3]
4. All prior temporary orders are vacated.

 he facts cited to herein are taken from the plaintiffs Complaint and the parties’ accompanying affidavits.

 Generals Laws c. 184, §15(c) provides, “[i]f the court allows the special motion to dismiss, it shall award the moving parly costs and reasonable attorneys fees, including those incurred for the special motion . . (Emphasis added.)