This is an appeal from an order allowing a special motion to dismiss pursuant to G. L. c. 184, § 15(c ), in an action for lis pendens.[4] A judge of the Superior Court granted the motion on the grounds that the plaintiffs, Ronald Rudnick and Thomas Kennedy, failed to demonstrate the existence of an accepted offer that satisfied the Statute of Frauds. We affirm.
We summarize the verified facts before the motion judge. See G. L. c. 184, § 15(c ). The property that is subject to this litigation consists of two and one-half lots of undeveloped land in Chatham, which has been owned by the Smith family for nearly fifty years and was recently transferred to QBJKL, LLC, a company owned by three Smith siblings. In September, 2016, the plaintiffs, who are experienced real estate developers, approached the defendants to purchase the entire interest in the property for three million dollars. The defendants declined the offer and informed the listing agent, Jack Bohman, that they were willing to sell the entire interest in the property for five million dollars.
According to the affidavit of Lance Smith, one of the Smith siblings, on December 18, 2016, Bohman, who was acting as a dual agent for both parties, provided the defendants with a draft letter of understanding from Rudnick and Kennedy that "define[d] the terms" that they proposed to purchase the entire property. The terms included a $3,800,000 purchase price and $10,000 deposit. The following day, after consulting with attorney William Riley, the defendant Lance Smith sent an electronic mail message (e-mail) to Bohman with a response to the letter of understanding.[5] The response identified terms he found acceptable and unacceptable and suggested new terms he deemed necessary but that were not included in the draft. He also specifically reserved the right to solicit other offers while the proposed transaction was pending.
Bohman forwarded Lance Smith's response to the letter of understanding to Rudnick and Kennedy on December 20, 2016, together with an e-mail that said that "Lance and his siblings have agreed to these terms after consulting with attorney Bill Riley.... Once [you have reviewed it] we can formalize it and have all parties sign, or we can circulate an email between all parties and Riley and have everyone note agreement." Bohman then left for a vacation in Africa and did not return until January 6, 2017.
Riley sent Rudnick and Kennedy an unsigned letter of understanding on December 21, 2016, and sent a revised letter on December 22, 2016. The letter was addressed to QBJKL, LLC, and contained signature lines for Kennedy and Rudnick. It also contained a signature line for QBJKL, LLC. The document did not include the proposed revisions that were forwarded to Rudnick and Kennedy on December 20 from Bohman.[6]
On December 28, 2016, the broker's office received the letter of understanding, executed by Kennedy and Rudnick, together with a check for $50,000, representing the deposit. QBJKL, LLC did not sign the letter. The broker continued to market the property. This lawsuit followed, together with a motion for lis pendens on January 4, 2017. The check was returned on January 9, 2017, uncashed.
Discussion. "A memorandum of lis pendens is a notice on the record title of real estate that reflects the pendency of any action that 'affects the title to real property or the use and occupation thereof.' Wolfe v. Gormally, 440 Mass. 699, 700 (2004).... Section 15(c ), inserted by St. 2002, c. 496, § 2, provides that a special motion to dismiss 'shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds.' " McCann v. McGowan, 71 Mass. App. Ct. 513, 519 (2008). We review the order allowing a special motion to dismiss and denying a motion for a memorandum of lis pendens for an error of law or abuse of discretion. See Galipault v. Wash Rock Invs., LLC, 65 Mass. App. Ct. 73, 81 (2005) ; DeCroteau v. DeCroteau, 90 Mass. App. Ct. 903, 904 (2016).
The complaint alleged that the parties reached an agreement on all essential terms of the sale and the defendants failed to sign the letter of understanding. Upon review of the verified complaint and pleadings, the judge granted the special motion to dismiss because there was no contract which satisfied the Statute of Frauds. The Statute of Frauds bars enforcement of a contract for the sale of land unless it is "in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." G. L. c. 259, § 1. This case therefore turns on whether the letter from Riley to Rudnick and Kennedy was a binding offer to sell made by the defendants, or a solicitation of an offer which the defendants "had the power to accept or reject." Cellucci v. Sun Oil Co., 2 Mass. App. Ct. 722, 727 (1974).
The letter, addressed to the defendant seller, QBJKL, LLC, and unsigned by any representative of QBJKL, LLC, was a solicitation of an offer. This case is akin to Cellucci, in which Sunoco Oil Company (Sunoco) prepared a purchase and sale agreement which it forwarded to a prospective seller of real property. The seller had been told that the representative of Sunoco forwarding the purchase and sale agreement did not have authority to sign it, but that final approval was automatic or perfunctory. Id. at 725. The seller executed the standard form. We held that "[a]lthough Sunoco drafted the standard form instrument which it sent to the plaintiff, [the plaintiff's] execution was merely an offer which Sunoco had the power to accept or reject." It is undisputed that there was no acceptance by Sunoco in the manner called for by the offer." Id. at 727 (citations omitted). The same is true here. The plaintiffs were provided with an unsigned letter, addressed to the defendants, which (if signed and returned by the plaintiffs) would constitute an offer to purchase the real estate. When the plaintiffs signed the letter, the offer was made. When the sellers' attorney provided the letter he solicited an offer. Ibid. Accord, Kuzmeskus v. Pickup Motor Co., 330 Mass. 490, 493 (1953) (contract proffered by company's general manager, which contained clause requiring authorization by seller's corporate officer, and blank space for officer's signature, held to be "no more than an invitation or request to give orders on the terms and conditions therein stated"). Contrast Lambert v. Kysar, 983 F.2d 1110, 1114-1115 (1st Cir. 1993) (signed order form was offer by seller which manifested intent to be bound).
The verified complaint is devoid of any evidence suggesting that Riley was authorized to bind the sellers to the offer he solicited on their behalf, much less that they intended to be bound to sell if the plaintiffs signed and returned the proposed letter of understanding. The verified complaint contains a conclusory allegation that Riley was authorized to bind QBJKL, LLC. Riley submitted an affidavit stating he was not so authorized and had not communicated to anyone that he was. Furthermore, the complaint alleged that "Riley and Bohman as authorized agents of the [d]efendants stated that the [d]efendants would execute the offer to purchase letter if the [p]laintiffs executed the letter and paid the $50,000. deposit." The correspondence between the parties, described above, does not support this statement.[7]
The judge correctly concluded that there was no contract, and that the action was barred by the Statute of Frauds. The judge did not abuse his discretion in dismissing the complaint.
The award of fees is mandatory. See G. L. c. 184, § 15(c ) ("If the court allows the special motion to dismiss, it shall award the moving party costs and reasonable attorneys' fees"). Within fourteen days of issuance of the rescript in this matter, QBJKL, LLC may apply to the panel that decided this appeal for an award of reasonable appellate attorney's fees and costs under G. L. c. 184, § 15(c ). See Fabre v. Walton, 441 Mass. 9, 10-11 (2004) ; McCann v. McGowan, supra at 520-521. The petition should address the nature of the case and the issues presented, an itemization of the time and labor required, the experience, reputation, and ability of the attorney, and the usual rate charged for similar services by other attorneys. The plaintiffs will then have fourteen days to file an opposition. See Fabre v. Walton, supra.
Order dated February 14, 2017, affirmed.

The plaintiffs appealed from the order allowing the special motion to dismiss. Subsequent to the order, the Superior Court judge made findings on the defendants' motion for attorneys' fees and a judgment entered dismissing the complaint. The plaintiffs did not appeal the judgment. The matter is not moot as the statute, G. L. c. 184, § 15(d ), permits "[a]ny party aggrieved by a ruling under subsection (c ) ... may appeal pursuant to the first or second paragraphs of section 118 of chapter 231. Thirty days after the entry of ... an order or judgment dismissing the claimant's action as provided hereinabove, the order or judgment shall become final unless the party seeking the memorandum has filed an appeal under this paragraph and records notice thereof within the [thirty] day period in the registry of deeds for the county or district in which the real property lies." There is no dispute that the plaintiffs' appeal is proper.

For example, Rudnick and Kennedy had requested a sixty-day due diligence period to investigate the property. Lance Smith's email stated that the defendants agreed to the due diligence period, but they wanted the right to market the property and sell it at any price above the plaintiffs' offer; Rudnick's and Kennedy's only recourse would be to meet or beat the other offer. Rudnick and Kennedy also conditioned their offer on the right to cut timber; Lance Smith's response requested a fifty-fifty split of the proceeds.

It retained the $3,800,000 purchase price but increased the deposit to $50,000.

Rudnick and Kennedy contend that Riley's December 21, 2017, letter should be read in conjunction with Lance Smith's correspondence to form a complete contract. From the record before us, it appears that the argument is made for the first time on appeal, and is deemed waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006). Even if we were to consider the argument, the plaintiffs would fare no better. There are material differences between the offer solicited by Riley and the terms Lance Smith stated would be acceptable. The most important of these was the reservation of the right to continue to market the property. The central tenet of the complaint and the motion for lis pendens was that any attempt to market or sell the property to a third party constituted a breach of contract and was fraudulent. The solicitation of an offer and the Smith e-mail are fatally at odds.