NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-94

266 RIVER STREET REDEVELOPMENT, LLC

vs.

PAUL H. MARTIN, trustee,[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a verified complaint seeking specific performance of an option to purchase agreement (agreement) related to a commercial property in Haverhill (property). Contemporaneously, the plaintiff filed a motion for endorsement of a memorandum of lis pendens.  The defendants opposed the motion and filed a special motion to dismiss the complaint under G. L. c. 185, § 15 (c).  After a combined hearing on the motions, a Superior Court judge denied the defendants' special motion to dismiss and allowed the plaintiff's motion for a

_____

[1] Of the 266 River Street Realty Trust under declaration of trust dated January 25, 2001 (Realty Trust).

[2] Denise J. Martin, as trustee of the Realty Trust.

memorandum of lis pendens.  The defendants moved for reconsideration under Superior Court Rule 9D (2023), which the judge denied.  The defendants then filed this interlocutory appeal, see G. L. c. 184, § 15 (d), arguing that the judge should have dismissed the action as frivolous and should have reconsidered his decision based on new evidence.  We affirm.

Background.  The following facts, taken from the plaintiff's complaint and the defendants' counterclaim,[3] appear to be undisputed, at least for purposes of this appeal.

The agreement, executed on August 24, 2020, granted the plaintiff an option to purchase the property from the defendants for a price of $1,650,000, with a deposit of $200,000 due immediately and to be placed in escrow.  To exercise the option, the plaintiff was required to send to the defendants "by certified mail, return receipt requested, on or before December 15, 2022," a written notice containing specified language.  The agreement provided that, upon the defendants' receipt of such notice, the parties would execute a purchase and sale agreement

---

[3] The defendants did not submit any affidavits or documents in support of their special motion to dismiss, nor did the plaintiff in support of its opposition.  Cf. Ferguson v. Maxim, 96 Mass. App. Ct. 385, 390 (2019) ("a special motion to dismiss under § 15 (c) requires the motion judge to consider alleged facts beyond the plaintiff's initial pleading").

2

(P&S) within three business days.  The term of the agreement ran from August 24, 2020, to January 31, 2023.

On October 21, 2021, the parties executed an amendment to the agreement (amendment).  The amendment extended the option to purchase period by six months, requiring the plaintiff to mail written notice of its exercise of the option by June 15, 2023. The amendment provided that "[a]ll other aspects of the [agreement] will remain intact."

The plaintiff did not provide the defendants with a written notice exercising the option by June 15, 2023.  Nonetheless, as the June 15, 2023 date approached, the parties exchanged correspondence suggesting that they expected to close on the sale.[4]  On June 2, 2023, the defendants' counsel sent counsel for the plaintiff's lender a draft deed for the property and stated that work was continuing on the title issues to prepare "what

_____

[4] Meanwhile, during the years following execution of the agreement, the plaintiff took significant steps toward its planned redevelopment of the property, including creating plans, applying for historic tax credits, conducting meetings with local stakeholders, and performing walkthroughs of the property with architects and other contractors.  During one of the plaintiff's onsite visits in March 2023, defendant Paul Martin stated he would not be able to remove his furniture from the property by June 15, 2023; the plaintiff then agreed to allow him to occupy two floors of the property through the end of the year in exchange for rent and payment of expenses.  According to the complaint, by this time, the parties were referring to June 15, 2023, as the "closing date."

3

needs to be recorded by closing." On June 6 and 8, the defendants' counsel and lender's counsel exchanged additional correspondence referring to the title issues that needed to be resolved before the closing. Then on June 14, the defendants' counsel emailed the lender's counsel, asking if the closing was going to occur the next day. The lender's counsel replied that the plaintiff might need a couple of extra days to finalize funding, to which the defendants' counsel replied, "Ok, keep me posted." On June 19 the defendants' counsel followed up with an email asking, "[W]here we are at [sic] with this closing" and "Do you know when we might be able to close?" The lender's counsel replied the same day that the plaintiff was still waiting on some funding.

On July 14, 2023, with the closing not having occurred, the defendants' counsel informed the lender's counsel that the transaction was "out of contract" and demanded that the $200,000 deposit in escrow be released to her clients. The plaintiff filed this suit in response, claiming breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment, and seeking specific performance, damages, and declaratory relief. The defendants counterclaimed for a

4

declaratory judgment, seeking disbursement of the $200,000 deposit.[5]

Discussion. 1. Special motion to dismiss. General Laws c. 184, § 15 (c), "contains a mechanism for expedited removal of an unjustified lis pendens, including dismissal of frivolous claims supporting an approved lis pendens." Wolfe v. Gormally, 440 Mass. 699, 705 (2004). To prevail on a special motion to dismiss under this statute, the defendant must show, by a preponderance of the evidence, "that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds." G. L. c. 184, § 15 (c). See Ferguson v. Maxim, 96 Mass. App. Ct. 385, 390 (2019). On appellate review we examine "the same factors properly considered by the judge in the trial court in the first instance." Galipault v. Wash Rock Invs., LLC, 65 Mass. App. Ct. 73, 82 (2005). The judge's "conclusions of law are subject to broad review," and we may draw our own conclusions from the documentary evidence in the record. Id.[6]

---

[5] The defendants brought additional counterclaims, but the parties later stipulated to their dismissal.

[6] The parties agree that our overarching standard of review is for abuse of discretion. But neither has addressed the

5

The defendants principally contend that the action is frivolous because the plaintiff never sent written notice that it was exercising its option to purchase in the manner required by the agreement and, as a result, has no enforceable rights under the agreement.  The judge rejected this argument on the ground that there is a genuine factual dispute whether the defendants waived the written-notice requirement through their conduct.  Because of this factual dispute, the judge reasoned, the record as presented does not establish that the plaintiff's claims are devoid of any factual or legal support.  We agree.

Waiver of a contractual provision "may occur by an express and affirmative act, or may be inferred by a party's conduct." KACT, Inc. v. Rubin, 62 Mass. App. Ct. 689, 695 (2004).  Where the "waiver is not explicit, it must be premised on 'clear, decisive and unequivocal conduct.'"  Id., quoting Glynn v. Gloucester, 9 Mass. App. Ct. 454, 462 (1980).  This is a question of fact.  See KACT, Inc., supra.

---

Supreme Judicial Court's recent decision in Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 560 (2024), which held that de novo review applies to rulings on special motions to dismiss under the anti-SLAPP statute, G. L. c. 231, § 59H.  The special motion to dismiss mechanism under the anti-SLAPP statute is similar to that under G. L. c. 184, § 15 (c). See Ferguson, 96 Mass. App. Ct. at 390.  In any event, whether our review is de novo or for abuse of discretion, we would not disturb the judge's decision to deny the special motion to dismiss.

6

Here, the plaintiff's claim of waiver by conduct is not devoid of any reasonable factual or legal support. The parties' correspondence as described above suggests that they were preparing for a closing on June 15, 2023 -- the amended deadline for the plaintiff to send written notice that it was exercising the option -- even though the plaintiff had not by that point sent any such notice. There is nothing in the record reflecting that the defendants ever raised an issue regarding notice. To the contrary, the day before the June 15 option deadline, the defendants' counsel appeared to acquiesce to lender's counsel's request to extend the closing date, and, a few days after the deadline had passed, the defendants' counsel asked when the closing would occur, raising no assertion that the plaintiff had failed to effectively exercise the option.

On this record we agree with the judge that there is at least reasonable factual support for the plaintiff's position on waiver. The judge was thus correct to deny the special motion to dismiss. See Ferguson, 96 Mass. App. Ct. at 394-395 (rulings that "depend[] on the resolution of disputed facts . . . should not be made in deciding a special motion to dismiss"). See also McCarthy v. Tobin, 429 Mass. 84, 88-89 (1999) (seller waived deadline for execution of purchase and sale agreement through words and conduct, including by failing to object to passage of

deadline and by suggesting to buyer that extension of deadline was acceptable).  In so concluding, we express no view on the merits of the plaintiff's position.  Rather, the more limited question raised by this appeal is whether the defendants have shown that the plaintiff's position is "devoid of any reasonable factual support" or "any arguable basis in law."  G. L. c. 184, § 15 (c).  The defendants have not met this high burden.  Cf. Bristol Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539, 560 (2024) (proving in anti-SLAPP context that "petitioning is 'devoid' of any reasonable factual support or any arguable basis in law is a difficult task").

The defendants also argue that the action is frivolous because the deadline to exercise the option was an essential term of the agreement and so any oral agreement to extend the deadline is barred by the Statute of Frauds.  We are not persuaded.  To begin with, it is not clear to us that the plaintiff is even claiming that the parties had an oral agreement to extend the deadline.  The only mention in the complaint of an oral agreement relates to extending the closing date, not the deadline for exercising the option.  Furthermore, to the extent the plaintiff is raising such a claim, whether the option deadline was essential to the agreement is a question of fact, see Situation Mgmt. Sys. v. Malouf, Inc., 430 Mass. 875,

8

879 (2000), which should not be resolved on a special motion to dismiss. See Ferguson, 96 Mass. App. Ct. at 394-395. The defendants have not shown that the option deadline was essential as a matter of law, to the extent they are raising such an argument. See Rex Lumber Co. v. Acton Block Co., 29 Mass. App. Ct. 510, 515 (1990) (rule that "amendments to a contract that is within the Statute of Frauds are themselves within the Statute of Frauds" is subject to exception for "oral agreement[s] to extend the time for performance").[7]

We likewise are unpersuaded by the defendants' contention that the judge should have dismissed the complaint because it failed to state expressly that the plaintiff did not send written notice of its exercise of the option. General Laws c. 184, § 15 (b), provides that a party seeking a memorandum of lis pendens "shall commence the underlying proceeding by means of a verified complaint" with a certification "that no material facts have been omitted therefrom." "A party's failure to include all material facts may result in the dismissal of that party's claims where the omitted facts establish that those claims are devoid of reasonable factual support or arguable

---

[7] As the judge observed, there is also an "equitable qualification" to the Statute of Frauds. Hurtubise v. McPherson, 80 Mass. App. Ct. 186, 188-189 (2011). Whether equitable qualification might apply here depends on questions of fact, which cannot be resolved at this stage of the proceedings.

9

basis in law."  McMann v. McGowan, 71 Mass. App. Ct. 513, 519-520 (2008).  Here, the judge concluded that the omission was not material because the complaint acknowledges that the agreement required the plaintiff to provide written notice; nowhere does the complaint state that the plaintiff complied with this requirement; and so "[t]he import" of the complaint, "read as a whole, is that the plaintiff did not provide the requisite written notice."  We concur with the judge's assessment.

2. Motion for reconsideration.  Finally, the defendants argue that the judge should have reconsidered his decision based on new evidence -- namely, the agreement, the amendment, and the draft P&S, copies of which the defendants attached to their motion to reconsider.  New evidence in this context means "evidence that could not be discovered through the exercise of due diligence before the original motion was filed."  Superior Court Rule 9D (2023).  There is no reason why the defendants could not have attached these documents to their special motion to dismiss.  Moreover, the material provisions of the documents were set out in the pleadings and considered by the judge in denying the special motion to dismiss.  The judge was thus within his discretion to summarily deny the motion to reconsider.  See Audubon Hill S. Condominium Ass'n v. Community

10

Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 469-470 (2012).

Conclusion.  The order dated October 31, 2023, denying the defendants' special motion to dismiss and allowing the plaintiff's motion for endorsement of a memorandum of lis pendens is affirmed.  The order dated November 27, 2023, denying the defendants' motion for reconsideration is affirmed.

So ordered.

By the Court (Sacks, Shin & Hershfang, JJ.[8]),

Clerk

Entered:  December 24, 2024.

---

[8] The panelists are listed in order of seniority.